DAY *vs.* MARTIN.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where it appears, that the plaintiff in execution was prevented from making his debt out of property seized by the wrongful suing out an injunction, the surety in the injunction bond, is liable in damages for an amount not exceeding the penalty of the bond.

Although a judgment enjoined, draws interest until paid, the claim of the plaintiff, against the surety in the injunction bond, is for damages *not liquidated*, which do not carry interest, and cannot exceed the penalty of the bond.

This is an action, instituted by William Y. Day, as assignee of Edward A. Day, on an injunction bond executed in favor of the latter, by the defendant Wm. C. C. C. Martin, as surety for Robert Martin, in the penalty of one thousand five hundred dollars.

The plaintiff alleges, that in 1827 he issued his execution, for a balance of a judgment against Robert Martin, of more than two thousand dollars, and levied it on four slaves, which was enjoined by the defendant therein, and the bond sued on executed for only the sum of one thousand five hundred dollars. He alleges, that said injunction was wrongfully sued out, and was dissolved and dismissed, at the November term, 1829, of the District Court for the parish of Rapides'; that he sustained great damage, in consequence of the suing out said injunction, amounting to more than the penalty in the bond. He prays judgment against the defendant, for the penalty of the bond.

The defendant denied, generally and specially, that the plaintiff had any right to sue, or that any injury was sustained by the obligee of the bond; and if any, it was released by prescription and the *laches* of the party, in not recovering the debt from the principal in the bond.

The plaintiff proved a regular assignment of the original judgment, against R. Martin, to himself.

The record of the injunction suit, is also in evidence. R. Martin alleges in his petition for the injunction, that he only owed about one thousand dollars on Day's judgment, and that four of his slaves were seized to pay said balance; but that he had made a further payment of twenty-five bales of cotton, which was not credited, and conveyed a valuable tract of land, which Day was to sell, pay himself out of the sale, and account to him, which he has failed to do; that E. A. Day *is dead, and his brother is setting* up a fraudulent claim to said judgment. Day joined issue on the injunction, and on the 11th day of November, 1829, it was dissolved and dismissed.

It further appeared in evidence, that since obtaining the injunction, R. Martin removed to Texas. This was about 1830. That the negroes seized, and released by the injunction, were soon after sold to pay other debts, and one of them died.

The district judge, after hearing all the evidence in the case, rendered judgment for the plaintiff, for one thousand one hundred and twenty-one dollars and fifty cents, *with ten per cent. interest, from the 18th August, 1830, until paid;* and for fifty dollars attorney's fee, in dissolving the injunction, and the costs of suit. The defendant appealed.

*Boyce,* for the plaintiff.

*Winn and Mason,* for defendant.

*Bullard J.,* delivered the opinion of the court.

The plaintiff, as assignee of E. A. Day, claims of the defendant, as surety of R. Martin, on an injunction bond, damages alleged to have been sustained by him, in consequence of the wrongful suing out of a writ of injunction, to stay proceedings on an execution, in virtue of which, the sheriff has levied on four slaves, the property of the principal.

He alleges, that the injunction was afterwards dissolved, as having been wrongfully issued, and that in the meantime, one of the slaves died. Another was sold, at the suit of another creditor, and the others cannot be found. The defendant pleads substantially the general issue, denying the right of the plaintiff, and alleging that the action is barred by prescription, and that the defendant is released by the laches of the plaintiff, in not pursuing the proper steps to recover from the principal.

The evidence offered by the plaintiff, shows the execution of the bond, the assignment to him, the dissolution of the injunction, and the loss and total dispersion of the property, out of which the execution might have been satisfied, if the injunction had not been granted. One of the slaves is shown to have died, and it is contended by the defendant's counsel, that the loss ought not to fall on him. The court of the first instance, appears to have been satisfied, that if the injunction had not been granted, that slave, together with the others, would have been sold for the benefit of the plaintiff; and the loss of them being a direct consequence of the stay of proceedings, the defendant is responsible. It appears to us satisfactorily, that the plaintiff has been frustrated in the recovery of his debt, by means of the wrongful injunction, and that the defendant is liable in damages, for an amount not exceeding the penalty of the bond. But the court below has, in our opinion erroneously, given a judgment, which, on computing interest at ten per cent., makes the amount greater than the penalty sum. Although the original judgment bore interest until paid, the claim of the plaintiff against the surety is for damages not liquidated, and which consequently do not carry interest. The balance due on the 18th of August, 1830, is admitted to be one thousand and nine dollars. Adding to this the interest, which had accrued at the time of the trial, and a reasonable allowance for expenses, incurred in defending the suit in injunction, will make about fourteen hundred dollars, which we think the plaintiff entitled to recover.

WESTERN DIST.
October, 1834.

DAY
vs.
MARTIN.

Where it appears that the plaintiff in execution was prevented from making his debt out of property seized by the wrongful suing out an injunction the surety in the injunction bond is liable in damages for an amount, not exceeding the penalty of the bonds.

Although a judgment enjoined draws interest until paid, the claim of the plaintiff against the surety in the injunction bond, is for damages, not liquidated, which do not carry interest, and cannot exceed the penalty of the bond.

WESTERN DIST.
October, 1834.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; and proceeding to give such a judgment as ought, in our opinion to have been rendered in the District Court, it is further adjudged and decreed, that the plaintiff recover of the defendant, the sum of fourteen hundred dollars, with costs in the District Court, those of the appeal to be paid by the plaintiff and appellee.